L. E. RICHARD and another *vs.* H. F. SCHLEUSENER.

June 10, 1889.

Fire—Negligence—Evidence.—Evidence in reference to defendant setting fire to grass and stubble on his own land, from which the fire ran to adjoining land, *held* sufficient to require that the question of negligence be submitted to the jury.

Appeal by plaintiffs from an order of the district court for Morrison county, *Searle*, J., presiding, refusing a new trial.

*E. N. Donaldson* and *E. H. Farnham*, for appellants.

*C. A. Lindbergh* and *Taylor, Calhoun & Rhodes*, for respondent.

GILFILLAN, C. J. This is an action for damages to plaintiffs' farm and the property on it, caused by defendant negligently setting fire to dry grass and other combustible material on his farm, from which the wind drove the fire to the farm of plaintiffs. On the trial the court below dismissed the action for insufficiency of the evidence. We think the case ought to have been submitted to the jury. That the defendant caused the fire to be started by his servant is not denied. It was done to protect—from fire, as we understand—certain haystacks of defendant's that stood on his land, near to plaintiffs'. The evidence of the servant seems to indicate that almost immediately after starting the fire it got beyond his control. This alone, without evidence of some intervening change of conditions to put the

fire beyond his control, which, in the exercise of proper prudence, he would not have anticipated, would be enough to require that the jury should pass on the question of negligence in setting the fire. But, in addition to that, there was evidence from which the jury might have found that the grass and stubble were exceedingly dry, (the soil itself, even, seems to have taken fire and burned,) and that there was a wind blowing, and from those facts have drawn the conclusion that to start the fire, with insufficient force to take care of it, was an imprudent and dangerous act.

Order reversed.